### In Re McMahon Children.

(63 A2d 198)

November Term, 1948.

Present: Moulton, C. J., Buttles, Jeffords and Cleary, JJ., and Adams, Supr. J.

Opinion filed January 5, 1949.

*John H. Webster* for town of Fairfield.

*Clifton G. Parker,* Attorney General, and *Frederick G. Mehlman,* Deputy Attorney General, for the State.

BUTTLES, J.   A petition under P. L. 5446, signed by W. H. Morey, Petitioner, Overseer of the Poor, Fairfield, was brought to Franklin Municipal Court, sitting as a Juvenile Court, wherein it was alleged upon information and belief that Marilyn McMahon, Richard McMahon, Catherine McMahon and Raymond McMahon, hereinafter termed the children, were dependent children within the meaning of the statute, residing at Fairfield in the County of Franklin, with or under the control of Vermont Catholic Charities, Inc., St. Joseph's Orphanage, Burlington.

Hearing was had on the petition on January 20, 1947, at which the father of the children and a representative of the department of public welfare were present; the overseer of the poor of the Town of Fairfield stated by telephone that his appearance could be noted and a representative of Vermont Catholic Charities telephoned stating her interest in the case.   The Court made findings, inter alia, that the four children were dependent within the meaning of the statute and ordered that each of them be committed to the Department of Public Welfare at the joint expense of the State of Vermont and

the Town of Fairfield, and a mittimus to the department for each child was issued. It was further ordered that the father contribute twelve dollars per week towards the support of the children. It does not appear that exceptions were taken to the findings of fact or to the court's judgment and order.

On July 12, 1948, the Town of Fairfield filed a motion with the court that the case be re-opened and brought forward, that further hearing be held therein, the order of January 20, 1947, be vacated, all previous proceedings in the cause be declared null and void and the case dismissed for lack of jurisdiction. Upon hearing after notice to the Comissioner of Social Welfare, the Attorney General and the State's Attorney for Franklin County, the court, sitting as a juvenile court, dismissed the motion with exception to the Town of Fairfield upon which it comes to this Court.

A court will dismiss a cause at any stage, whether moved by a party or not, when it is discovered that it has no jurisdiction, and an objection to the jurisdiction over the subject-matter is never out of time. *Miner's Exrx.* v. *Shanasy,* 92 Vt 110, 112, 102 A 480; *Sanders* v. *Pierce,* 68 Vt 468, 35 A 377; *Barton* v. *Sutton,* 93 Vt 102, 104, 106 A 583. *Fillmore's Admr.* v. *Morgan's Admrx.,* 93 Vt 491, 493, 108 A 708; *Fuller* v. *Morrison,* 106 Vt 22, 24, 169 A 9; *Smith* v. *White's Estate,* 108 Vt 473, 480, 188 A 901.

Sec. 5446 of the Public Laws, under which this petition was brought, provides that a person who has knowledge of a child in his county who appears to be dependent . . . may file with a court in such county a petition in writing, setting forth the facts, verified by oath. It shall be sufficient that the facts stated in such petition are upon information and belief. The commissioner of public welfare or his deputy may file such petition in such a court in any county. As appears from § 5445, as amended, Franklin Municipal Court, sitting as a juvenile court, was the only court in Franklin County to which a petition under § 5446 could be brought.

§ 5447 as amended reads thus:

> "Upon the filing of such petition the court, before any further proceeding is had in the case, shall give fifteen days notice thereof to the state probation officer who shall immediately inquire into and make a full investigation of the parentage and surroundings of the child and all the facts and circumstances of the

case and report the same to the court; and if after such investigation it appears to the court that the public interest and the interest of the child will be best subserved thereby, a summons shall issue requiring the person having the custody or control of the child, or with whom the child may be, to appear with the child at a time and place which shall be stated in the summons; but such summons may be issued before such an investigation is completed; and if such person is other than the parent or guardian of such child such parent or guardian shall be notified of the pendency of the case; and in case there is no parent or guardian, a relative of such child, if a resident of the state and such residence is known, shall be so notified. If such parent or guardian is a nonresident of the state or cannot be found, such notice shall not be required; and, in any case the court may appoint some suitable person to act in behalf of the child."

Sec. 5450 provides that on the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case in a summary manner, and § 5454 directs that when a child is found to be dependent within the meaning of this chapter, the court may make an order committing the child to the care of the department of public welfare, or to . . .

By Sec. 5455 it is provided that when a dependent . . . child has been committed by a juvenile court to such department, the department may incur such expenses for the proper care and maintenance of' the child as it deems necessary, which shall be paid in equal shares by the state and town in which the child is found, but such expenses paid by such town may be recovered by such town from the town where the father or mother of such child or children had a residence as defined by § 3923 of the Public Laws. Expenses shall not be so incurred by the department unless, prior to the issue of the order of commitment by the court, a notice for hearing has been given by the court to the department, its authorized agent or deputy, and to the overseer of the poor of the town in which the child is found.

When acting as a juvenile court a municipal court is exercising special and limited statutory powers not according to the

course of the common law. The hearing is summary. There is no right to a jury trial. And it must be classed with the probate courts, the public service commission, and other bodies exercising special and limited statutory powers not according to the course of the common law, as to which nothing will be presumed in favor of their jurisdiction, but the facts necessary to confer it must affirmatively appear from the record, and the exercise of jurisdiction does not imply a previous ascertainment of those facts. *Brighton* v. *Charleston,* 114 Vt 316, 331, 44 A2d 628, and cases cited. And if the facts necessary to confer jurisdiction do not appear from the record its judgments and orders are void, and may be treated as a nullity. *In re Allen,* 82 Vt 365, 380, 73 A 1078, 26 LNS 232; *Probate Court* v. *Indem. Ins. Co. of N. A.,* 106 Vt 207, 210, 171 A 336.

It is found by the court that these children, at the time the petition was brought and at the time of the hearing in January, 1947, were being supported by the Town of Fairfield, but the reason and basis for furnishing such support does not appear. It is also found that the father of the children was then employed by the Central Vermont Railway, Inc., at St. Albans, Vt., but the length of time during which he had been so employed does not appear, and the record does not disclose that he had then or at any time acquired a pauper residence in St. Albans or elsewhere. The findings further show that the parents separated in 1940; that thereafter these children were placed by their father in the home of George Mitchell, whose place of residence does not appear, where they remained for about two and one half years; that they were later taken to St. Joseph's Orphanage in Burlington where, at the time of the hearing, they had been since June 6, 1944. Jurisdiction is given by the statute to the court to proceed as to a child in the petitioner's county, which in this case was Franklin County. If the jurisdictional requirement is for the physical presence of the children in the county it is apparent that the court in Franklin County did not have jurisdiction since they are found to have been in Chittenden County for a considerable length of time when the proceeding was instituted. But if the requirement would be satisfied by their residence in the county without their physical presence, jurisdiction is not made to appear because the record does not affirmatively show a residence there either actual or derivative.

Furthermore the record does not show that upon the filing of the petition and prior to any further proceeding the court gave no-

tice thereof to the state probation officer or that that officer at least commenced the inquiry and examination and rendered the report thereof to the court required by P. L. 5447. It is true that the filing on the petition indicates that it was filed on Nov. 27, 1946, that a copy was mailed to the department of public welfare on the same day and that a report of that department was filed on Dec. 27, 1946. But a notice to, inquiry and examination by and report from the department of public welfare were not the same as the required notice, examination and report to, by and from the state probation officer. It was so held in Brighton v. Charleston, supra, after consideration of the matter at length.

The record does not disclose that it appeared to the court at any time that the public interest and the interest of the children would be best subserved by the issuance of the summons provided for by P. L. 5447, or that such a summons ever was issued. To be sure it appears that a hearing was held at which the father was present, had an opportunity to be heard and seems to have been heard, and that a representative of the Vermont Catholic Charities, which then had the custody or control of the children, "telephoned, stating her interest in the case", but the record does not show that the children were brought before the court at any time as the law requires. No voluntary appearance, with the children, of the party having their custody or control, or with whom they were and submission to the jurisdiction of the court being shown, a waiver of the requirement as to the summons does not appear. *Brighton* v. *Charleston,* 114 Vt 316, 332, 44 A2d 628. The other requirements hereinbefore referred to were, at least in part, matters of public interest which no one had authority to waive.

Since the court's record does not show that the statute was complied with in the respects indicated it was without jurisdiction and its judgment on the original petition was void.

■ The State's contentions that at the hearing on the motion the matter was res judicata and that the Town was estopped by the prior judgment on the petition are unsound. The general rule is that as between the parties or their privies a final judgment on the merits rendered by a court of competent jurisdiction is, in the absence of collusion or fraud, conclusive as to all the material issues therein involved. *Firestone Tire and Rubber Co.* v. *Hart's Estate,* 104 Vt 197, 199, 158 A 92. Here there had been no valid judgment and there was therefore no estoppel and the matter was not res judicata.

In view of the conclusion reached it is unnecessary to consider the claim made by the Town of Fairfield that even if the court's judgment were otherwise valid its order that the commitment of the children be at "the joint expense of the State and the Town of Fairfield" would be invalid because the children were not found in that town.

*Judgment dismissing the motion of the Town of Fairfield reversed. Judgment that said motion be granted, the original petition be dismissed and the judgment rendered therein be reversed and held for naught.*