# In re Donna Marie Lee and Peggy Ann Lee

[ 224 A.2d 917 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Ezra Dike,* State's Attorney, for the State.

*Peter Forbes Langrock* and *Mark L. Sperry* for mother.

**Keyser, J.** The state's attorney of Addison County brought separate petitions to the Addison Municipal Court, sitting as a Juvenile Court, under 33 V.S.A. §605, alleging that Donna Marie Lee and Peggy Ann Lee of Orwell, Vermont, were each a dependent child in that "she is not receiving proper and adequate care, shelter, food and clothing." Thereafter, a social worker of the Department of Social Welfare investigated the case and made report to the court on January 13, 1966, as required by 33 V.S.A. §606. The hearing on each petition was held on May 19, 1966. The court issued its mittimus, or order, the same day committing the care, custody and control of each child to the Department of Social Welfare. The case is here on appeal of Marie Aline Lee, the mother of said children.

The appellant's claim of error is twofold, namely, that (1) the court's finding of dependency was based upon knowledge obtained prior to the court hearing and (2) the finding of dependency is not supported by evidence presented in court.

In this type of proceeding the municipal court sits as a juvenile court, its action being summary in nature. 33 V.S.A. §609. The hearing by the court is not required to be held in accordance with the strict rules of procedure as in other court hearings. As stated in the case of *In re McMahon Children,* 115 Vt. 415, 63 A.2d 198, a case involving dependent children, we held at p. 419, "it may be classed with the probate courts, the public service commission, and other bodies exercising special and limited statutory powers not according to the course of the common law."

Although juvenile proceedings are summary, they "must not be so summary that they fail to measure up to the minimum essentials of substantive due process." *In re Rich,* 125 Vt. 373, 377,

216 A.2d 266. In that case Chief Justice Holden in his concurring opinion said this at p. 379:

> "Accordingly, it is my view that the record of juvenile proceedings, called for in 33 V.S.A. §603, should be something more than the minutes of what took place. It must establish the jurisdictional facts. *Brighton* v. *Charleston,* 114 Vt. 316, 331, 44 A.2d 628. It should also appear that the adjudication is sound in law. *In re Hook,* 95 Vt. 497, 504, 115 Atl. 730. As to this, the report of the Department of Social Welfare has no force as evidence at the trial of the case. *Brighton* v. *Charleston, supra,* 114 Vt. at 329. The record should demonstrate that the hearing was fairly conducted. Anything less than this is arbitrary power. *People* v. *Fitzgerald,* 244 N.Y. 307, 155 N.E. 584, 587."

Again, at p. 380 of the *Rich* concurring opinion, it is said: "(F)or I believe without an adequate record, juvenile proceedings will be constantly beset by constitutional objections. Such vulnerability is neither consistent with the high purpose of the statute nor the best interest of the juvenile, whether he be a delinquent or a dependent and neglected child."

The transcript of the hearing shows that the judge asked questions of several persons present at the hearing. None of these persons gave testimony under the sanction of the witness oath. See 31 Am. Jur., Juvenile Courts, §74. Moreover, much of what they did say was incompetent and inadmissible as evidence. Hearsay, opinion, gossip, bias, prejudice, trends of hostile neighborhood feeling, the hopes and fears of social workers, are all sources of error and have no more place in juvenile courts than in any other court. 31 Am. Jur., Juvenile Courts, §75.

■ The transcript shows that the court must have considered information received by him from sources outside of court prior to the hearing as well as from the report of the social welfare worker filed in January, 1966 in making its orders of commitment. Such information clearly was not for consideration for any purpose in making findings or in deciding the case. *Siebert* v. *Siebert,* 124 Vt. 187, 191, 192, 200 A.2d 258. *In re Rich, supra.*

■■ Constitutional safeguards must be observed in this class of proceeding. The statute suspending certain formalities notwith-

standing, fulfilment of constitutional requirements cannot be avoided. The parties have the right to be faced by and hear the witnesses who give evidence in court against him and have the opportunity to cross-examine them. And the evidence given in such cases should be confined to the charges alleged in the petition filed in the case. Due process means the presentation of competent evidence on which the findings of the court are predicated and the commitment rests. The record demonstrates that due process was not observed.

The court did not make and file written findings of fact. The mittimus, or order, stated in the "Whereas" paragraph that the court *had found* such child "to be a dependent, neglected child within the meaning of the statute" but there is no written finding to this effect.

Since 1959 under 12 V.S.A. §2385 written findings of fact are required by the court in actions or proceedings tried without a jury upon which an appealable judgment is rendered. In *Miskelly* v. *Miskelly,* 124 Vt. 470, 471, 207 A.2d 153, we held that where neither party waived findings of fact, failure of the court to make findings was contrary to this section and the judgment order had no legal basis. To the same effect, *Lash Furniture Co.* v. *Norton,* 123 Vt. 226, 228, 185 A.2d 734; 43 C.J.S., Infants, §99(h), n 65.

Here, the record shows no waiver of findings of fact by either party. Findings on which the court bases its determination that the child is a dependent child within the definition of 33 V.S.A. §602 are prerequisite to a court order committing the child to the care of the Department of Social Welfare. 33 V.S.A. §614.

*The determination that Donna Marie Lee and Peggy Ann Lee are dependent children is reversed; the cause is remanded for further hearing de novo; the order of commitment is vacated and held for naught.*