313 A.2d 30 (1973)
In re J. M.
No. 119-72.
Supreme Court of Vermont, Chittenden.
December 4, 1973.
Patrick J. Leahy, State's Atty., and Paul D. Jarvis, Deputy State's Atty., for the State.
Richard H. Thomas, Burlington, for J.
Matthew I. Katz, Burlington, and V. Louise McCarren, Vermont Legal Aid, Inc. Burlington, for Mr. M. and Mrs. M.
*31 Before BARNEY, SMITH, KEYSER and DALEY, JJ., and HILL, Superior Judge.
DALEY, Justice.
This proceeding, brought under the Juvenile Procedure Act, 33 V.S.A. §§ 631-666, was commenced on March 2, 1972, by a petition brought by the State's Attorney of Chittenden County to the District Court of Vermont, Unit No. 2, Chittenden Circuit, sitting as a juvenile court. In the petition, the State's Attorney alleged that J. M., then approximately six months of age, was a neglected child "who is without proper parental care and control and subsistence necessary for his well being." After due notice, hearing was held by the court, at which the child and his parents were properly represented by counsel.
On April 12, 1972, the court found that J. M. was a "neglected child" and on April 25, 1972, issued a Disposition Order transferring his legal custody and guardianship to the Commissioner of Social Welfare; all other residual parental rights remained with the parents.
Mr. and Mrs. M. appeal to this Court from the determination of neglect and the subsequent Disposition Order contending that the ultimate finding of neglect is not supported by the evidence and that the findings of the court do not support a determination of neglected child under the provisions of 33 V.S.A. § 632(a) (12). As a third ground for appeal, the parents challenge the constitutionality of 33 V.S.A. § 632(a) (12) under both the Constitutions of the State of Vermont and the United States.
Before specifically answering the claims made by the parents in this appeal, it is well to review the purposes, objectives and proceedings of our Juvenile Procedure Act set down in 33 V.S.A. chapter 12., The purposes of our Act set forth in 33 V.S.A. § 631(a) applicable here are as follows:
(1) to provide for the care, protection and wholesome moral, mental and physical development of children coming within the provisions of this chapter;. . .
(3) to achieve the foregoing purposes, whenever possible, in a family environment, separating the child from his parents only when necessary for his welfare or in the interests of public safety; and
(4) to provide judicial procedure through which the provisions of this chapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.
In re Proceedings Concerning a Neglected Child, 130 Vt. 525, 531, 296 A.2d 250 (1972); see also In re Rathburn, 128 Vt. 429, 434, 266 A.2d 423 (1970).
Throughout our decisions we have constantly adhered to the principle that juvenile proceedings are entirely concerned with the welfare of the child. Brighton v. Charleston, 114 Vt. 316, 321, 44 A.2d 628 (1945); In re Proceedings Concerning a Neglected Child, supra, 130 Vt. at 531, 296 A.2d 250.
A neglected child as defined in 33 V.S. A. § 632(a)(12)(B) is one who is without proper parental care or control, or subsistence, education, medical or other care or control necessary for his well-being. 33 V.S.A. § 632(a)(12) (A) also defines a neglected child as one who has been abandoned by his parents.
Very often a child, after a finding of neglect, is separated from his parents either for an indefinite period of time or permanently by a Disposition Order transferring all parental rights then existing, including the authority to consent to the adoption of the child. 33 V.S.A. § 632(a) (6)(B) and (C) and 33 V.S.A. § 632(a) (10). In the face of such awesome power vested in the juvenile court empowering it under the familiar, well-recognized doctrine of parens patriae to encroach upon *32 the relations of private family life and sever parental relationships, the Legislature has erected certain safeguards. Among the protections for both the child and the parent are those of notice and counsel, fully complied with here. A child will not be declared to be a neglected child until after a full hearing at which full minutes of the proceedings are kept. 33 V.S.A. § 651. After hearing the evidence on the petition the court shall make an order containing its findings thereon. If it finds that the allegations made in the petition are established, it shall find either that the child is delinquent or neglected or unmanageable. 33 V.S.A. § 654(a).
The ultimate finding of neglect, the prerequisite for any deprivation or severance of parental rights, can stand only if the evidence adduced by the State in support of the petition is sufficient to establish in the mind of the juvenile court that factually the child comes within the statutory definition of a neglected child. 33 V. S.A. § 632(a) (12) (A) or (B).
From a finding of neglect, there lies an appeal to this Court so that we can review the sufficiency of the evidence upon which the juvenile court arrived at its conclusionary finding. 33 V.S.A. § 654(a), literally read, does not require detailed findings of fact to support the ultimate conclusion of the court; however, we have turned to the record in previous cases of this nature to decide whether the evidence supported the finding of neglect made in literal compliance with this statute, Section 654(a). In re Proceedings Concerning a Neglected Child, supra, 130 Vt. at 535, 296 A.2d 250; In re Proceedings Concerning a Neglected Child, 129 Vt. 234, 237, 276 A.2d 14 (1971). In all of these cases the facts clearly supported the finding of neglect because of the very nature of the conditions to which the child was subjected.
As early as 1966, this Court recognized the due process rights attaching to cases involving the protection of children in light of the purpose expressed by our Legislature. In re Lee, 126 Vt. 156, 224 A.2d 917 (1966). In that case, we pointed out the necessity of adequate findings of fact so that we could determine whether the facts found supported the judgment in the particulars alleged in the petition. Id., 126 Vt. at 159, 224 A.2d 917.
This Court will no longer search the record nor will we accept conclusionary findings which merely repeat the definition of a neglected child set forth in the statute, 33 V.S.A. § 632(a)(12). The courts must carry out their duty of stating the facts which bring the particular case within the ambit of the statute. D.C.C.R. 52 (V.R.C.P. 52); see also United States v. Forness, 125 F.2d 928, 942-943 (2d Cir. 1942), cert. denied, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).
In this case, the court had before it five neglect petitions relating to children in the M. family. Consolidation of the cases for hearing undoubtedly shortened the hearing time, but left an unfortunate result. Eleven one-sentence findings of fact and a conclusionary finding made at the disposition hearing repeating the allegations of the petition have been examined by us. They reveal that J. M. lived in an overcrowded and untidy home. His mother and father were unable to adequately provide for the complete family of five children due to various factors including limited income, and four of the children were placed with other families under mutually satisfactory arrangements. Those four children are now in the custody of the Commissioner of Social Welfare, having been found to be neglected children. No appeal was taken in their cases, and the findings of fact before us in the case of J. M. make the decisions in their cases warranted.
The findings applicable to the other children cannot control the case of J. M. The eleven findings of fact made in the case of J. M. do not support the ultimate finding that he was without proper parental care and subsistence necessary for his well-being. Moreover, the record here reveals *33 no evidence of physical abuse, immoral surroundings or lack of proper food or clothing. The parents have shown love and affection toward their child, J. M. The mother, as found by the court, has on occasion used intoxicants to excess, but there is no evidence that such use has in any way affected this six-month old child. The findings that the mother sleeps late and that the father is rarely home when the children are awake cannot be said to have affected the well-being of the child. The reason that the father is rarely home when the child is awake is due to his hours of employment.
In defense of the district court's finding that J. M. was a neglected child, it has been asserted that the transcript and the findings establish a pattern which is indicative of lack of care; hence, this pattern of lack of care is in itself sufficient to allow the court to find that J. M. is encompassed therein, and therefore, he is a neglected child.
The establishment of lack of care as to the older four children of the M. family does not establish a case of neglect as to J. M. The findings by the district court concerning the cleanliness of the children are shown by the evidence presented to relate to the four older children while attending school; but no evidence was offered to establish that those findings apply to J. M.
Turning to the findings which relate to the home environment provided for J. M. by his parents, we do not question that the maintenance of that environment was not above criticism, nor that financial hardship does not provide an excuse in these circumstances. But in 33 V.S.A. § 631(1)(3), we observe that the Legislature has provided for the separation of the child from his parents "only when necessary for his welfare or in the interests of public safety." (Emphasis added.)
In dealing with similar circumstances, the Oregon Supreme Court observed:
[M]any ... children are being raised under basically the same circumstances as this child. The legislature had in mind conduct substantially departing from the norm and ... [the parents'] conduct is not such a departure. State v. McMaster, 259 Or. 291, 486 P.2d 567, 573 (1971).
Under these circumstances, the findings of the district court do not support the ultimate sanction of the separation of J. M. from his parents. The ultimate finding that J. M. is a neglected child, not being supported by the findings or the evidence presented, cannot stand.
The determination that J. M. is a neglected child is reversed; the Disposition order transferring legal custody and guardianship of J. M. to the Commissioner of Social Welfare is vacated.