329 A.2d 632 (1974)
In re P. F.
No. 155-73.
Supreme Court of Vermont, Windsor.
December 3, 1974.
*633 Michael J. Sheehan, State's Atty., for the State.
Robert Edward West, Defender Gen., and Gregory A. McKenzie, Deputy Defender Gen., Montpelier, for P. F.
George E. Rice, Jr., Montpelier, for the father.
Fucci, Fucci & Fucci, White River Junction, for the mother.
Before BARNEY, C. J., SMITH, KEYSER and DALEY, JJ., and SHANGRAW, C. J. (Ret.), Assigned.
SHANGRAW, Chief Justice (Ret.), Assigned.
This case comes on appeal from an order of disposition which places legal custody, guardianship rights, and residual parental rights in the Commissioner of Social Welfare pursuant to 33 V.S.A. § 631 et seq. The history of the case comports with the statutory procedures outlined in the Juvenile Procedures Act found in chapter 12 of Title 33. Following the orders of the detention hearing held on March 8, 1973, before the District Court of Vermont, Unit No. 6, Windsor Circuit, sitting as a juvenile court, and the filing of a formal petition by the state's attorney, a hearing on the merits was held. At that time all the parties and their attorneys entered into a stipulation that the party, P. F., was a neglected child in need of care or supervision within the meaning of 33 V.S.A. §§ 631 and 632. This stipulation formed the basis for the trial court's finding of neglect. At the disposition hearing, the court considered *634 the testimony adduced at the hearing on the merits, as well as the reports submitted by the social worker assigned to the case. The appellant, the father of the neglected child, appeals from the disposition order which terminated his residual parental rights.
The appellant contends that the disposition order is invalid because of the absence of findings which address the issue of permanent neglect. Accordingly, the termination of the residual parental rights by an order which is unsupported by findings of fact is in violation of the appellant's due process rights. Further objection based on similar constitutional contentions is founded on the action of the trial court which disallowed appellant the right to rebut the testimony of the social worker concerning the contents of her reports, which were considered by the judge in making the disposition order but were not in evidence at the time of the hearing on the merits.
This Court has demonstrated its concern for the due process rights of participants in juvenile proceedings in a series of cases culminating with In re J. M., 131 Vt. 604, 313 A.2d 30 (1973). There this Court stated that it would no longer search the record for facts which support the ultimate finding of neglect. The lower courts are charged with the duty of stating the facts which bring the case within the statutory purview. However, when a finding of neglect is reached by stipulation of all parties and a conclusion of law is based thereon in conformity with statutory purpose and procedure, the necessity for multiple findings, to bring out the circumstances upon which a finding is based, is obviated. In this case, the child's condition of neglect was universally stipulated to by the parties involved. In keeping with the rule stated in In re Proceedings Concerning a Neglected Child, 130 Vt. 525, 536, 296 A.2d 250 (1972), the appellant has forfeited his right to compel the State to prove the child was neglected. Since no additional evidence was necessary, it cannot be gainsaid now that findings should have been made when the ultimate finding required by the statutory scheme was satisfied by the parties' stipulation. This view is borne out by the absence of statutory requirement for findings to underlie a disposition order in contrast with such a demand in a hearing on the merits. Although the better practice is to report all the facts in the form of findings, the failure to do so here does not render the order violative of due process.
As a corollary to the argument addressing the validity of the disposition order, the appellant argues that the order is unsupportable due to the lack of expert evidence. Reference to 33 V.S.A. § 655(b)(4) demonstrates that the Legislature clearly envisioned the use of the social worker's report in arriving at a disposition order. Also, in In re Proceedings Neglected Child, 129 Vt. 234, 276 A.2d 14 (1971), this Court treated with disfavor the argument that the use of the social worker's report and its consideration by the juvenile court was a violation of due process. The social worker's report and the recommendations contained therein even without corroborative expert testimony comprises adequate evidence. The qualifications and foundation for opinions given by experts is a matter left to lower court discretion.
Without an objection made below, the matter is now foreclosed. Bean v. Sears, Roebuck and Co., 129 Vt. 278, 281, 276 A. 2d 613 (1971). Moreover, the parties are bound by their stipulation concerning the qualifications of the social worker. In re Application of Great Eastern Building Co., Inc., 132 Vt. 610, 326 A.2d 152 (1974).
While the appellant protests the invalidity of the order based on a lack of a showing of permanent neglect, the legislative scheme does not appear to hinge on permanency of abuse. The welfare of the child is the paramount concern. Although the Court is reluctant to interfere with the nuclear family unit, the record below, in substance quite similar to the record in In re Proceedings Concerning a Neglected Child, 130 Vt. 525, 535, 296 A.2d 250 (1972), reveals the diminished prospects of *635 adoption as the child grows older. Weighing this factor and the statutory purposes evinced by 33 V.S.A. § 631(a)(1) and (3), the disposition order of the juvenile court is amply supported by the record and cannot be overturned.
The appellant's other contention, namely, the error caused by the trial court's ruling on an objection going to the permanency of the appellant's disability, is without merit. The trial court's refusal to allow appellant to testify regarding the psychiatric evaluation of his mental condition was proper. It is a general rule that courts will not receive testimony of a witness as to what some other person told him as evidence of the fact asserted. West-Nesbitt, Inc. v. Randall, 126 Vt. 481, 485, 236 A.2d 676 (1967).
We find no basis to support appellant's contention that there has been a deprivation of due process of law in this case. The action of the juvenile court is without error.
Order of disposition is affirmed.