346 A.2d 191 (1975)
In re F. E. B.
No. 266-74.
Supreme Court of Vermont.
September 18, 1975.
*192 John Rocray, State's Atty., and Craig R. Wenk, Deputy State's Atty., Windham County, Brattleboro, for State of Vermont.
Robert M. Paolini, Juvenile Defender, Middlebury, for defendant.
Before BARNEY, C. J., and SMITH, DALEY, LARROW and BILLINGS, JJ.
PER CURIAM.
This is a juvenile proceeding relating to an infant allegedly neglected and suffering from injuries claimed to have been inflicted by the child's father. The juvenile court issued an order of disposition transferring custody of the infant from its parents to the Commissioner of the Department of Rehabilitation. The order must be set aside.
We do not reach the facts of the case, since the procedures revealed by the record establish reversible error. The Juvenile Procedure Act, 33 V.S.A. §§ 631-666, has had full exposition in the recent cases of In re Neglected Child, 130 Vt. 525, 296 A.2d 250 (1972) and In re J. M., 131 Vt. 604, 313 A.2d 30 (1973). Both of these cases predate the disposition hearing and order in this case. In re J. M., supra, stated on page 608, 313 A.2d 30 that it is the duty of the juvenile court to state the facts which bring the case within the ambit of the statute. This was not done here.
It also appears from the record that the mandate of the statute with respect to the time for hearing the petition alleging the child is in need of care or supervision was not carried out. 33 V.S.A. § 647(a) requires a hearing "not later than fifteen days after the filing thereof." In this case the petition was not heard until some two months after filing. Moreover, it must be noted that the authority to continue temporary detention authorized under 33 V.S.A. § 643(d) requires that a petition be on file either during or prior to the detention hearing. The Legislature has mandated prompt and continuous attention to these matters to protect all of the interests involved. The time scheme of the statutes must be complied with.
For all of the foregoing reasons, the order below cannot stand.
The disposition order transferring legal custody to the Commissioner of the Department of Rehabilitation is vacated.