360 A.2d 77 (1976)
In re R. B. (juvenile).
No. 231-75.
Supreme Court of Vermont.
June 1, 1976.
Robert W. Gagnon, Washington County State's Atty., and William F. Jankun, Deputy State's Atty., Montpelier, for plaintiff.
Robert E. West, Defender Gen., Montpelier, and Alan S. Rome, Juvenile Defender, Middlebury, for the Juvenile.
Before SMITH, DALEY, LARROW and BILLINGS, JJ., and SHANGRAW, C. J. (Ret.), Specially Assigned.
BILLINGS, Justice.
This proceeding, brought under the Juvenile Procedures Act, 33 V.S.A. §§ 631-666, was commenced by petition dated June 7, 1974, in the District Court of Vermont, Unit No. 5, Washington Circuit, sitting as a juvenile court. The petition alleged facts showing that R. B. was a delinquent child in that he had committed a lewd and lascivious act in violation of 13 V.S.A. § 2602. On June 12, 1974, a detention hearing was held, resulting in a detention order which released the juvenile to the custody of his parents pending disposition on the merits. Eleven months later a final hearing was held, the parties having orally stipulated that a lewd and lascivious act was performed on the complaining witness. No other facts were stipulated. As a result of the final hearing, the presiding judge entered one finding: "Said juvenile child on June 6, 1974, committed a lewd act." Subsequently, the juvenile was placed on conditional probation pursuant to 33 V.S.A. § 657(a)(2). From this order, the juvenile appeals, claiming that the finding is wholly conclusionary and violative of his procedural due process rights.
*78 A delinquent child is defined by 33 V.S. A. § 632(a)(4) as "a child who has committed a delinquent act." 33 V.S.A. § 632(a)(3) defines such an act as "an act designated a crime under the laws of this state. . . ." The crime alleged here is that of committing a lewd and lascivious act on a child under the age of 16 years. 13 V.S.A. § 2602.
From a delinquency finding an appeal lies to this Court affording us the opportunity to review the evidence to determine if it supports the ultimate findings. 33 V.S.A. § 654(a). As was stated in the alleged case of neglect, In re J. M., 131 Vt. 604, 607, 313 A.2d 30, 32 (1973), the statute, "literally read, does not require detailed findings of fact to support the ultimate conclusion of the court. . . ." Unlike cases prior to that time, it was held: "[we] will no longer search the record nor will we accept conclusionary findings which merely repeat the definition. . . set forth in the statute. . . . The courts must carry out their duty of stating the facts which bring the particular case within the ambit of the statute." Id. at 608, 313 A.2d at 32; In re F. E. B., 133 Vt. 463, 346 A.2d 191 (1975).
This policy applies with equal force to delinquency petitions, since it is required that in juvenile proceedings all constitutional guarantees associated with traditional prosecutions apply. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967).
Appellee maintains that, in light of the stipulation as to the act, the case of In re P. F., 133 Vt. 64, 329 A.2d 632 (1974) controls. In that case, the neglect petition contained a stipulation as to all the detailed facts as to the offense. Contrawise, the ultimate finding of delinquency as well as the issue of who had committed the act were disputed in the instant case. It follows that the case In re P. F., supra, is readily distinguishable.
The presiding judge here failed to bring the case within the ambit of 13 V.S. A. § 2602. Accordingly, the juvenile court's ultimate conclusion of delinquency is not supported by the fact found and, consequently, cannot stand.
In view of the disposition of this case, we do not reach the claimed error respecting the elapsed time between the date of the petition and disposition on the merits. 33 V.S.A. § 647(a).
The determination that R. B. is a delinquent is reversed. The disposition order placing the juvenile on probation is vacated, and the cause is remanded.