# In re R. H., Jr.

[415 A.2d 1318]

No. 52-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

*John A. Rocray*, Windham County State's Attorney, and *Jesse M. Corum, IV*, Deputy State's Attorney, Brattleboro, for Plaintiff.

*Charles S. Martin*, Barre, for Defendant.

Larrow, J. On September 12, 1978, upon petition and affidavit filed with the District Court of Vermont, Unit No. 6, Windham Circuit, R. H., Jr. was alleged to be "a child in need of care or supervision." 33 V.S.A. § 632(a)(12). Several days earlier, the child's mother had appeared in probate court and relinquished all her parental rights, and asked that R. H., Jr. be

placed for adoption. In addition, since April 1975 (four months after his son's birth), R. H., Jr.'s father has been incarcerated for first degree murder, and is presently serving a life sentence.

The district court (sitting as juvenile court) found probable cause based on this petition, and ordered that R. H., Jr., who was already in a foster home, be placed in the custody of the Department of Social and Rehabilitation Services (S.R.S.). Subsequently, a hearing on the petition's merits was held on November 6, 1978. At this hearing, the district court, in a very brief finding, adjudicated R. H., Jr. a child in need of care or supervision, and scheduled a disposition hearing for December 4, 1978, with a disposition report to be prepared in the interim.

After the disposition hearing, which was continued until December 20, 1978, the district court, based on the evidence presented, including the S.R.S. prepared disposition report, terminated all of the father's residual parental rights. The father appeals from this decision, and alleges: (1) that the trial court failed to follow the statutory criteria, 33 V.S.A. § 667, for terminating parental rights; (2) that the introduction of hearsay testimony, particularly the disposition report, at the disposition hearing violated his constitutional right to cross-examine witnesses; and (3) that the trial court failed to make sufficient findings to bring this case within its jurisdiction and adjudicate R. H., Jr. as a child in need of care or supervision. Because of our disposition of this case, we need only deal with appellant's last claimed error.

At the adjudication hearing, the district court's sole finding was that R. H., Jr. was a "child in need of care or supervision, and is without proper parental care, subsistence, education, medical or other care necessary for his well-being." This is simply a recital of 33 V.S.A. § 632(a)(12)(B), one of the three statutory definitions of "a child in need of care or supervision."

■■ As we have repeatedly held, this Court will not accept findings couched in conclusions which merely repeat the statutory definition of a neglected child. *In re R. B.*, 134 Vt. 368, 360 A.2d 77 (1976); *In re F. E. B.*, 133 Vt. 463, 346 A.2d 191 (1975); *In re J. M.*, 131 Vt. 604, 313 A.2d 30 (1973).

Without adequate findings this Court cannot determine if the facts support the judgment in the particulars alleged in the petition. *In re Lee,* 126 Vt. 156, 159, 224 A.2d 917, 919 (1966). Moreover, the district court is duty bound, upon request of a party, to state the facts which bring the case within the ambit of the statute. D.C.C.R. 52 (V.R.C.P. 52); *In re J. M., supra,* 131 Vt. at 608, 313 A.2d at 32.

In the instant case, the district court failed at the adjudication hearing to make factual findings sufficient to bring this case within the ambit of 33 V.S.A. § 632(a)(12)(B). Accordingly, the court's ultimate conclusion that R. H., Jr. is a child in need of care or custody is not supported by findings and consequently cannot stand. Moreover, we will no longer search the record for facts which support the ultimate conclusion of neglect. *In re P. F.,* 133 Vt. 64, 65, 329 A.2d 632, 634 (1974).

We are unable to countenance an adjudication order based on no factual findings whatsoever, and, therefore, we must reverse the order terminating all of R. H., Jr.'s father's residual parental rights and remand for a new adjudication hearing.

*The adjudication order and disposition order of the trial court are vacated, and cause remanded for further proceedings consistent with this opinion.*