### In re J. L. M., Juvenile

[430 A.2d 448]

No. 411-79

Present: **Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned**

Opinion Filed April 7, 1981

*Mark J. Keller*, Chittenden County State's Attorney, and *Nancy Goss Sheahan*, Deputy State's Attorney, Burlington, for Petitioner.

*James L. Morse,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Respondent.

**Underwood, J.** This is an appeal from the findings and order of the juvenile court wherein the appellant, then a 13 year old, was found to be a child in need of care or supervision. Among court personnel and the Department of Social and Rehabilitation Services this is known as a CHINS proceeding. The juvenile court ordered a transfer of legal custody of the child to the Commissioner of Social and Rehabilitation Services for appropriate placement on the ground that she is a child without or beyond the control of her parents. 33 V.S.A. § 632(a) (12) (C). In short, the appellant was deemed to be an unmanageable child.

The appellant has raised and briefed two assignments of error. She claims that 33 V.S.A. § 632(a) (12) (C) is void for vagueness under the due process clause of the United States Constitution and Chapter I, Article 10 of the Vermont Constitution and that the juvenile court erred in admitting hearsay testimony of two social workers on the issue of unmanageability. We address the second assignment of error first because our ruling on this issue is dispositive of the appeal.

At all stages of the juvenile proceedings below and in their briefs and oral arguments, the parties conceded that the appellant is a child in need of care or supervision. The parties disagree, however, as to the category appropriate for the appellant. 33 V.S.A. § 632(a) (12) provides for three categories:

'Child in need of care or supervision' means a child who:

(A) Has been abandoned or abused by his parents, guardian or other custodian; or

(B) Is without proper parental care or subsistence, education, medical, or other care necessary for his wellbeing; or

(C) Is without or beyond the control of his parents, guardian or other custodian.

All three of the above categories deal with neglected children as opposed to delinquent children, but only subsection (C) deals with the so-called unmanageable child. The appellant contested her classification as an unmanageable child,

although agreeing that she was a child in need of care or supervision, because under that classification there is always a possibility that she could be transferred, after an administrative hearing, to a facility used for the treatment or rehabilitation of delinquent children. 33 V.S.A. § 662 (e). A CHINS classified under subsection (A) or (B) of 33 V.S.A. § 632 (a) (12), on the other hand, cannot be transferred to a facility used for the treatment or rehabilitation of delinquent children. 33 V.S.A. § 662 (d).

Two social workers were permitted to testify based on information garnered from interviews with third persons rather than their own personal knowledge. Some of their testimony related directly to the issue of the appellant's unmanageability. This testimony was the only evidence on this issue. On each such occasion, the appellant's attorney took a timely objection, and the objection was overruled. "Hearsay, opinion, gossip, bias, prejudice, trends of hostile neighborhood feeling, the hopes and fears of social workers, are all sources of error and have no more place in juvenile courts than in any other court." *In re Lee*, 126 Vt. 156, 158, 224 A.2d 917, 918–19 (1966). The statements of these two social workers were clearly hearsay and inadmissible at the hearing on the merits. Since the court based its findings of unmanageability solely upon this evidence, it constituted prejudicial error. The findings and order of the juvenile court that the appellant is a child in need of care or supervision and is without or beyond the control of her parents must therefore be reversed and the cause remanded for a new hearing as to whether she should be classified under subsection (A), (B) or (C) of 33 V.S.A. § 632 (a) (12).

Because of our ruling on the appellant's second assignment of error, we do not reach or need to decide the first assignment of error.

*Reversed and remanded.*