## In re J. R., Juvenile

[508 A.2d 719]

No. 84-207

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 21, 1986

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson* and *Henry Hinton*, Appellate Defenders, Montpelier, for Defendant-Appellant R. R. (father).

C. R., *pro se*, South Burlington, Defendant-Appellant (mother).

*Nancy E. Kaufman*, Montpelier, for Juvenile-Appellee J. R.

**Gibson, J.** The parents of J. R. appeal the district court's denial of a motion for an order to compel the Department of Social and Rehabilitation Services (SRS) to permit visitation with their daughter. We reverse and remand.

The history of this case is as follows. On May 19, 1983, the appellants' children, J. R. and M. W. R., were found to be in need of care and supervision. The court made the following findings of fact: both children had been subjected to unhealthy living conditions; M. W. R. had been excessively disciplined; J. R. had been sexually abused by her father, R. R., from the age of five until the age of nine; and the mother, C. R., had been informed of the sexual abuse of J. R. in understandable terms by her children on at least two occasions, but had failed to do anything to remedy the

situation. Custody of the children was transferred to SRS, with residual parental rights remaining in the parents.

The father subsequently moved the district court to issue an order permitting visitation with his children. A hearing was held on March 22, 1984, at which time the mother joined in the motion. At the hearing, it was established that M. W. R. was now living with his mother, and that visitation was occurring between M. W. R. and his father. Consequently, the motion was withdrawn insofar as it concerned M. W. R. With regard to J. R., the evidence established that she was in clinical therapy, one goal of which was the eventual reunification with her parents. The mother had been permitted one brief, supervised visit with J. R. in nearly two years' time; the father had been permitted none. The mother's visit had not been successful, in part because of J. R.'s perception that her mother did not believe that J. R. had been sexually abused. J. R.'s caseworker at SRS stated that he had attempted to meet with the father to discuss conditions of visitation, but had not been successful. He also stated that future visits would depend upon the wishes of the child and the approval of the SRS psychologist. The evidence disclosed that, at the time of the hearing, J. R. did not wish to visit either parent. At the close of the hearing, the court denied the motion as to J. R., leaving the decision on future visitations to the discretion of SRS.

Title 33 V.S.A. § 632(a)(16) provides parents divested of legal custody of their children "the right to reasonable visitation." Appellants contend they have been denied reasonable visitation by virtue of the preconditions and restrictions imposed by SRS. The court, in denying the motion for visitation, stated only that: "I fail to find the evidence presented any basis of an unreasonable denial of visitation rights."

On appeal, appellants contend that findings of fact are required in this case and that the court's finding is inadequate to address the merits of a request for visitation. They point to V.R.Cr.P. 54(a)(2), which applies the Vermont Rules of Criminal Procedure to juvenile matters, and V.R.Cr.P. 47(c), which requires the court to state its essential findings on the record when deciding a motion in which factual issues are involved.[1] The State urges that

---

[1] Previous case law is contradictory on this point. The Court has held the Vermont Rules of Criminal Procedure to be applicable to child neglect (CHINS)

the applicable statute, 33 V.S.A. § 659(b), does not require findings.[2]

The difference between a juvenile delinquency proceeding and a child neglect (CHINS) proceeding was discussed in *In re Proceedings Concerning a Neglected Child*, 130 Vt. 525, 296 A.2d 250 (1972). In that case, the Court stated:

> [A] child neglect proceeding is far different from a juvenile delinquency proceeding where as a matter of due process, counsel is required. *In re Gault*, 387 U.S. 1 (1967). In a delinquency proceeding the result may often be incarceration in a state institution, and as such the proceeding is of a criminal nature. *In re Gault, supra*, 387 U.S. at 41. See generally *Argersinger* v. *Hamlin*, 407 U.S. 25, 32 L.Ed. 2d 530 (1972). On the other hand, a neglect proceeding is protective and not criminal in nature. The purpose is not to condemn the child or its parents for the difficulties of the situation which confront the court.

*Id.* at 533-34, 296 A.2d at 255.

■ Thus, we think it clear that the criminal rules were intended to be applied only to those juvenile proceedings that are criminal in nature, i.e., delinquency proceedings, and that the civil rules should be applied to CHINS proceedings. In this case, therefore, the civil rules govern.

■ ■ Under V.R.C.P. 52(a), findings of fact would normally be required only if requested, a procedure not followed herein. Whether or not required, however, findings are desirable because

---

proceedings under V.R.Cr.P. 54(a)(2), *In re M. W. R.*, 143 Vt. 6, 9, 458 A.2d 1132, 1133 (1983), but has also applied V.R.C.P. 52 of the Vermont Rules of Civil Procedure in determining the necessity for findings in such cases. *In re R. H.*, 138 Vt. 425, 427, 415 A.2d 1318, 1320 (1980) (citing *In re J. M.*, 131 Vt. 604, 608, 313 A.2d 30, 32 (1973)).

[2] On its own motion, the court held a second hearing to review the matter on May 31, 1984. The State contends that any inadequacy in the court's findings following the March 22, 1984 hearing is moot because of the findings issued relative to the later hearing. We disagree. In its written decision following the May 31, 1984 hearing, the court concluded that the "evidence provides a rational basis for the plan being pursued by S.R.S." Other than to find that the goal of SRS is "the eventual reunification of J. R. with the mother," however, nowhere in the court's findings is the SRS "plan" outlined. Further, those findings deal exclusively with the relationship between J. R. and her mother, and do not touch on the relationship between J. R. and her father.

they are helpful for appellate review, *Jensen v. Jensen*, 139 Vt. 551, 553, 433 A.2d 258, 259 (1981), and when a court makes findings, as it did here, its findings must provide an adequate basis for its decision. *Id.* at 553, 433 A.2d at 260. The findings must indicate to the parties and to this Court, if an appeal is taken, what was decided and how the decision was reached. *In re L. R. R.*, 143 Vt. 560, 563, 469 A.2d 1173, 1175 (1983). The court's findings herein do not meet this test. Further, if one searches the record to determine whether the evidence supports the finding that there was no evidence of "any basis of an unreasonable denial of visitation rights," one finds no attempt by the court to explore or establish reasonable conditions under which visitation might take place, consistent with the best interests of the child.

Because of the inadequacy of the court's findings and the length of time that has elapsed since the last hearing, this matter must be remanded for a new hearing.

*Reversed and remanded.*