# In re K.B., Juvenile

[586 A.2d 552]

No. 89-546

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed December 21, 1990

*Jeffrey L. Amestoy,* Attorney General, and *David Tartter,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Morse, J.** K.B. appeals an adjudication that he was a juvenile delinquent based on an unlawful trespass. We affirm.

Under 13 V.S.A. § 3705(a)(1):

> A person shall be imprisoned for not more than three months or fined not more than $500.00, or both, if, without legal authority or the consent of the person in lawful possession, he enters or remains on any land or in any place as to which notice against trespass is given by . . . [a]ctual communication by the person in lawful possession . . . .

The juvenile court found that on the morning of May 27, 1989, K.B. went to a service station owned and operated by Harley Muzzy to look at a wrecked car owned by K.B.'s friend. Muzzy asked K.B. to stay away from the car, and K.B. left. Later, K.B. returned and, upon being told again by Muzzy to stay away from the car, K.B. threatened Muzzy, who then called the police. K.B. left the area only to return once again, this time with his friend who owned the car. K.B. told Muzzy in effect that Muzzy could not stop him from being here. The police were called again, and K.B. was charged with unlawful trespass. The court concluded K.B. was guilty of that offense "because Mr. Muzzy did give notice to [K.B.] not to be in the area of the cars. After he was told to leave, he left and then came back again and again was in the same area around the cars."

K.B. testified he returned to Muzzy's only once, with his friend who owned the wrecked car. Muzzy testified K.B. returned twice, the version accepted by the court. K.B. argues that the court's failure to specify which return constituted the offense violated the rule set forth in *State v. Corliss,* 149 Vt. 100, 102–03, 539 A.2d 557, 559 (1987) (State must elect which act it will rely on for conviction when evidence at trial reflects two or more criminal acts and defendant is charged with only one count). The *Corliss* rule is predicated on the danger "that some jurors will convict based upon evidence of one act while the balance of the jury will convict upon evidence submitted for other acts." *Id.* at 102, 539 A.2d at 559. Because the trial judge sat as

the lone trier of fact, that danger cannot be present here. Moreover, there was no reason to fear that the trier of fact may have accumulated the number of times K.B. returned to find beyond a reasonable doubt he returned at least once. The fact that K.B. returned at least once was not disputed. We fail to see how K.B. was prejudiced by the absence of an election.

Next, K.B. faults the court for not making a finding that he was at Muzzy's "without legal authority," an element of unlawful trespass. Although he failed to ask the trial court for special findings, V.R.Cr.P. 23(c), K.B. correctly asserts that the court is nonethless required to make findings in juvenile delinquency proceedings. 33 V.S.A. § 5526; see *In re M.C.P.*, 153 Vt. 275, 291 n.6, 571 A.2d 627, 636 n.6 (1989)(in a CHINS proceeding, party need not request findings—a request that would ordinarily be required in a civil proceeding under V.R.C.P. 52(a)— because 33 V.S.A. § 654 (now § 5526) already mandates them). Moreover, those findings must be more than a conclusory statement that defendant is delinquent. *In re R.B.*, 134 Vt. 368, 369, 360 A.2d 77, 78 (1976). However, the purpose of findings is to afford this Court with an "opportunity to review the evidence to determine if it supports the ultimate findings." *Id.* In order to create such a record for review, the trial court need not make findings on an element not disputed at trial, and nothing in the statute, the rule, or the case law requires it to do so.

K.B.'s defense was based on the unreasonableness of Muzzy's insistence that K.B. stay away from K.B.'s friend's car and that he leave the premises. At no point did K.B. put in issue whether the State had proved he had no legal authority to be on Muzzy's premises. Moreover, we know of no authority supporting K.B.'s argument on appeal that his status as a friend of the car's owner, who accompanied that friend to assist him in retrieving personal property, gave him legal authority to be on the premises. To the contrary, even if K.B. had lawful authority to enter Muzzy's premises, which were open for business to the public, he was divested of it by Muzzy's request that he leave. See, e.g., *Rager v. McCloskey*, 305 N.Y. 75, 79, 111 N.E.2d 214, 216–17 (1953) (trespass consists not only of unauthorized entry but also of refusal to leave once permission to remain has been withdrawn); see also Restatement (Second) of Torts § 198

(1965)(one is privileged to enter another's land to reclaim one's chattel only if it initially came to be on the land without one's consent).

*Affirmed.*