### Howard Bigelow v. Louis E. Denis

[117 A2d 261]

May Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 4, 1955.

*Bloomer & Bloomer* for the plaintiff.

*Hanford G. Davis* for the defendant.

**Adams, J.** This is an action of tort to recover damages by reason of an automobile collision. The trial court granted the defendant's motion to abate the writ. The case is here on an exception of the plaintiff to this order.

The plaintiff in his brief calls our attention to the substance of certain sections of V. S. 47 and of the county court rules. §1549 provides that a defendant shall cause his appearance to be entered on or before the expiration of forty-two days from the date of the writ. §1551 provides that if process is duly served and returned and there is no appearance within the time prescribed by law, on motion of the plaintiff the defendant's default shall be recorded by the clerk. Judgment

shall be rendered against the defendant thereon, but such default and judgment may be vacated upon such terms as to costs and the time of filing pleadings as the court directs. Rule 4 provides that answers and motions alleging dilatory matters shall be filed within five days after the time for entering appearance expires. Rule 10, §2 provides that when a default is entered it shall not be stricken off after the day upon which it was entered, except on notice to the adverse party filed with the clerk and upon an affidavit of merit in the defense with a statement of its nature and proof to the satisfaction of the court that a defense in good faith is intended. When a default is stricken off it shall be upon such terms and conditions as the court deems just.

The plaintiff's writ is dated March 25, 1954. It was duly served and was entered on April 7. The defendant filed no appearance within the forty-two days as provided in §1549. On October 21 the plaintiff moved for "judgment by default, court to assess and at the time of judgment the plaintiff also moves for a finding of a wilful and malicious act, and a certified execution." No default has been or was recorded by the clerk as provided by §1551.

It is obvious that the foregoing motion is not one contemplated by or in accordance with §1551. It is not a motion for a default and that the clerk record it. It asks for a judgment and a hearing by the court on damages and a finding at the time of judgment of a wilful and malicious act in order that the plaintiff have a certified execution.

■ The mere entering of a default does not involve and amount to the rendering of a final judgment. The default is an incident, which entitles the plaintiff to a judgment, but does not determine the kind or amount of such judgment. The rendering of the judgment is to supervene upon, and to succeed the entry of the default, and may require intervening proceedings in the case, in order to enable the court to render such a judgment as to law appertains. §1551 implies all of this. *Sheldon* v. *Sheldon & Tr.*, 37 Vt 152, 153. That section is not applicable or pertinent here.

■ On October 27 the defendant filed a motion representing that his failure to enter an appearance within the time

prescribed by law was due to accident and mistake. He requested that he be permitted to appear and present his defense. On November 8 the court heard this motion and at the same time heard the plaintiff's motion for a default judgment. From the bill of exceptions it appears that the plaintiff objected to allowing the defendant to enter his appearance unless some statement or affidavit of merit was filed and terms by way of expense be given the plaintiff. The plaintiff in his brief mentions, after quoting rule 10, §2, that no affidavit of merit or statement of the nature of defense or proof to the satisfaction of the court that a defense in good faith was intended was filed. We, therefore, assume that the foregoing objection was made because of the provisions of that rule. The rule by its terms applies to striking off a default after the day upon which it was entered. It has no application here as no default had ever been entered.

On Nov. 8 the court denied the motion of the plaintiff and granted the defendant's motion and allowed him to enter his appearance. The record does not show that the plaintiff has any exception to this order nor does he brief any so that question is not before us. *Richardson* v. *Persons,* 116 Vt 413, 414, 77 A2d 842.

On Nov. 12 the defendant filed a plea in abatement. The ground of the plea was in substance that the plaintiff first brought a suit in the Rutland Municipal Court for the same cause of action between the same parties, that such court had jurisdiction of the parties and the action and that it was then pending in such court. According to the bill of exceptions the plaintiff "objected to the plea, it being a dilatory plea and covered by rule 4 of the county court rules. Whereupon, the rule was enlarged for the purpose of sustaining the plea, the plaintiff excepted on the grounds of matter of law and abuse of discretion and this * * * * writ was dismissed, the suit abated, costs given to the defendant * * * *."

We now quote from the plaintiff's brief,—"The plaintiff maintains that the action of the county court was bad law. The plaintiff maintains it was bad discretion and an absence of the same to allow a defaulted defendant to ignore all the rules and come into court, not to present a defense as he stated

in his motion to appear, but for the sole purpose of denying this New York plaintiff the right to have his five thousand dollar case heard on its merits, and then, instead, taxing costs for being right and just throughout."

We have quoted all that the appellant's brief contains with respect to the errors that he claims were committed.

■■ We repeat what we have said many times in regard to briefing. A general or abstract statement of law or fact without specific application to some exception will not be considered. *State* v. *Calkins*, 117 Vt 539, 541, 96 A2d 815. A general statement that error was committed without citing authorities, stating grounds, and supporting the point by argument is inadequate briefing and merits no consideration. *Croteau* v. *Allbee*, 117 Vt 332, 335, 91 A2d 803. It is apparent that the brief is lacking in all these respects.

■■ We also repeat what we have said before in regard to abusing or withholding discretion. Any discretionary ruling is not subject to review here unless it clearly and affirmatively appears that such discretion has been abused or withheld. *Horicon* v. *Langlois*, 115 Vt 81, 85, 52 A2d 888, and cases cited. The party alleging an abuse of discretion has the burden of showing it. *Daniels* v. *Preston*, 102 Vt 337, 339, 148 A 285; *Ricci* v. *Bove's Executor*, 116 Vt 335, 339, 75 A2d 682.

As against the errors claimed as briefed by the appellant, no error appears. *Judgment affirmed.*