### State of Vermont v. James F. Lertola

[442 A.2d 1296]

No. 216-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

*James P. Mongeon,* Rutland County State's Attorney, and *Jeffrey Kirsch,* Law Clerk (On the Brief), Rutland, for Plaintiff.

*Biederman & Rakow, P.C.,* Rutland, for Defendant.

**Per Curiam.** This case relates to proceedings held in response to a motion for reconsideration of sentence under 13 V.S.A. § 7042. Upon filing of the motion, the defendant was notified by the district court clerk that the motion would not be con-

sidered unless the requirements of a certain resolution of the district judges dated April 27, 1979, were complied with.

The defendant argues that the resolution requires certain things of one who seeks its remedy in language that is mandatory. As such it is operative with the force of a rule without recourse to proper rule-making procedures, or, at least, was so considered by the judge in this case.

Among the mandated requirements is a directive that sets out that a court, on reconsideration, will only consider new evidence or extraordinary new circumstances not considered at the original sentencing and then unknown to the defendant. In this case it is clear that the resolution was treated as mandatory rather than advisory, since that judge's refusal to change the original sentence was grounded expressly on that very language.

The position of the State that the defendant cannot complain of the result if the action can be supported as within the discretionary ambit of the judge rests on the assumption that the resolution merely restated the statutory requirements. The State points out that the original sentence imposed was a legal sentence and, in this case, even within the times set out in the plea agreement.

Under some circumstances, this argument might be persuasive, but in this case at least two substantial obstacles prevent its application. The first is that the requirements of the resolution that reconsideration can only be based on "new evidence or extraordinary new circumstances" is not a limitation found in the language of 13 V.S.A. § 7042, and would preclude reconsideration of a sentence which, upon reflection and in the presence of unchanged circumstances, might be shown to be unwise or unjust.

The second is that, no matter how advisory the intent of the resolution may have been in adoption, the findings and conclusions of the court make it very plain that its operation here was taken as mandatory. Thus, the error is the failure to exercise discretion in a circumstance calling for its application. *Bigelow* v. *Denis,* 119 Vt. 21, 25, 117 A.2d 261, 263 (1955).

*The denial of the motion to reconsider sentence is stricken and the cause remanded for rehearing in accordance with the views expressed in the opinion.*