### In re B.B., Juvenile

[584 A.2d 1126]

No. 88-467

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Connarn, D.J. (Ret.), Specially Assigned

Opinion Filed November 21, 1990

366

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Barbara L. Crippen*, Special Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Walter M. Morris Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, and *Sessions, Keiner, Dumont & Barnes*, Middlebury, for Defendants-Appellants.

*Charles S. Martin* and *Catherine Gjessing*, Law Clerk (On the Brief), of *Martin & Paolini*, Barre, for Defendant-Appellee.

**Dooley, J.** The parents (appellants) appeal the juvenile court's findings that their daughter B.B. (appellee) was a child in need of care and supervision (CHINS) and its disposition order transferring legal custody of B.B. to the Commissioner of

Social and Rehabilitation Services (SRS). We reverse and remand.

B.B. was twelve years old when the following series of events occurred. B.B.'s parents sent her to live with her aunt during the early summer of 1988 because of escalated family tension, primarily between B.B. and her father. In July, 1988, B.B. refused to return home to her parents, and SRS was notified. SRS filed a petition in the juvenile court alleging that B.B. was a CHINS because she was "beyond the control of her parents, in that she has run away from home and refuses to return, contrary to 33 V.S.A. § 632(a)(12)(C)."* The petition was accompanied by an affidavit of an SRS worker which detailed the reasons that B.B. refused to return home. The main reason was that B.B.'s father had mentally and physically abused her by calling her names and, on one occasion, by kicking her. The affidavit indicated that, as a result of the home environment, B.B. was nervous and had a stomach ulcer.

The court granted SRS temporary custody of the child and scheduled a merits hearing. The merits hearing was held on July 25, 1988, and both B.B. and her mother testified. Based primarily upon the child's testimony, the court made findings on the record and concluded that she was a CHINS. Written findings and an order were issued on that date. The disposition hearing was held in August 1988, after which the court determined that although the mother was willing to receive help from SRS, the father was not. The court concluded that the parents were unfit and unable to provide for the child's basic needs which, the court stated, included a loving and warm environment and ordered that legal custody of B.B. be transferred to SRS.

The parents filed a timely notice of appeal of both the merits and the disposition adjudications, and allege four errors on appeal: (1) the evidence taken during the merits hearing is insufficient to support the court's findings of fact, and the findings do not support the conclusion that B.B. is a CHINS; (2) the court

---

* The Juvenile Proceedings provisions of Title 33, 33 V.S.A. § 631 et seq., were recodified in 1990 as 33 V.S.A. § 5501 et seq. Since 33 V.S.A. § 632(a)(12) was not revised substantively, we refer hereinafter to the recodified version, 33 V.S.A. § 5502(a)(12).

erred during the merits hearing by not permitting the parents to ask the child where she would want to live if she could not live with her aunt; (3) the evidence and the findings were insufficient to support the court's disposition order; and (4) the court abused its discretion by failing to consider whether to reject B.B.'s proposed placement by SRS with her aunt. The child responded to the parents' arguments, and SRS joined with the child.

We address first the parents' argument that the results of the merits hearing were in error. Because we reverse on this point, we do not reach the other arguments.

At the end of the merits hearing, the trial court made the following oral findings of fact:

> Based on the allegations—it's claimed that [B.B.] doesn't want to go home . . . . [B]ased on the evidence that was presented, I'll conclude that [B.B.] is presently age 12. She's the daughter of the parents who are present here in court. She was living at home. She has—there are several younger children in the family. B.B. has said that she doesn't want to go home and as far as what her home life is like, her father calls her names. He's called her a slut, he's called her a lazy, fucking bitch. She's afraid of her father. He's kicked her. She's watched her father physically abuse a younger brother by picking him up by the neck, and she's at this point, afraid to go home. I'll conclude that based on the evidence that was presented, that the State has, in fact, proved that at this point, she's run away and, in fact, does refuse to return home.

The written findings are more sparse. They state: "juvenile, is a runaway."

■■ The parents make a series of related attacks on the merits decision. First they argue that one of the findings is unsupported by the evidence. Second, they argue that the remaining findings are insufficient to support the court's conclusion that B.B. is a CHINS. We will affirm the court's findings unless they are clearly erroneous. See *In re M.C.P.*, 153 Vt. 275, 295, 571 A.2d 627, 638 (1989). Where a finding is attacked on appeal, our role on appeal is limited to determining whether the finding

of fact is supported by the evidence. *Id.* We leave it to the sound discretion of the juvenile court to weigh the evidence. *Id.*

■ The finding attacked by appellants is that B.B. ran away from home. We agree that this fact is not supported by the evidence. All the parties agreed and all the evidence indicated that B.B. went to live with her aunt *with* her parents' permission. Even the child concedes in her brief that there was no evidence that she had previously run away from home although she had threatened to do so. Hence, this finding cannot stand and cannot be used to support the court's conclusion.

■ We also conclude that the remaining findings are insufficient to support the court's conclusion that B.B. is in need of care and supervision. We have consistently held that a merits determination in a juvenile case must be supported by adequate findings to show that the "facts support the judgment in the particulars alleged in the petition." *In re R.H.*, 138 Vt. 425, 427, 415 A.2d 1318, 1320 (1980). We do not require numerous findings; relatively brief findings will suffice if "they 'are adequate in view of the circumstances of the case.'" See *In re L.A.*, 154 Vt. 147, 154, 574 A.2d 782, 786 (1990) (quoting *In re T.D.*, 149 Vt. 42, 45, 538 A.2d 176, 177 (1987)).

■ The court may conclude that a child is in need of care or supervision if it finds that the child:

> (A) Has been abandoned or abused by his parents, guardian or other custodian; or
> (B) Is without proper parental care or subsistence, education, medical, or other care necessary for his well-being; or
> (C) Is without or beyond the control of his parents, guardian or other custodian . . . .

33 V.S.A. § 5502(a)(12). Although the State might have alleged alternative grounds on which B.B. could be found a CHINS, see *In re R.M.*, 150 Vt. 59, 70–71, 549 A.2d 1050, 1057 (1988), it proceeded only under (C). While the affidavit detailed allegations of abuse, it was only to explain why the child was a runaway. Further, although the court never specified which of these three statutory bases it relied upon to conclude that the child was a CHINS, the written findings referred only to B.B.'s sta-

tus as a runaway, indicating that B.B. was a CHINS under § 5502(a)(12)(C). In the absence of the finding that B.B. was a runaway, we do not believe the findings support a conclusion that B.B. was without or beyond the control of her parents. The only remaining finding relevant to this conclusion is that B.B. refuses to return home. The fact that a child refuses to return home after staying with a relative for a short period of time with the parents' permission cannot support the conclusion that the child is without or beyond the control of the parents.

■ The child claims, however, that the CHINS adjudication was actually based on specific instances of abuse and these incidents are more than sufficient to support a conclusion that she was a CHINS under § 5502(a)(12)(A). We are unwilling to reconstruct the State's case on a theory not relied upon in the petition and not accepted by the juvenile court. The court's written findings clearly show that it was relying on the runaway status of B.B. We will not speculate whether the trial court would have concluded that its findings of abuse were sufficient to warrant a determination that B.B. was a CHINS because of parental abuse under § 5502(a)(12)(A). We are also concerned that the parents had inadequate notice of the new theory on which appellees would rely. See *In re R.M.*, 150 Vt. at 70, 549 A.2d at 1057 (alternative theory could be used because the petition and affidavits show "unmistakably" the intent of the State to rely on alternative theories). We do not, however, preclude the State from amending its petition and adding an alternative ground for a CHINS adjudication. The statute provides ample authority for the court on remand to retain B.B. in SRS custody pending a new CHINS hearing if the best interests and welfare of B.B. so require. See 33 V.S.A. § 5515(d).

■ Because we reverse the merits adjudication, the disposition order must also be vacated. See *In re M.C.P.*, 153 Vt. at 293, 571 A.2d at 637 (disposition of a child can be decided only after a valid CHINS determination). Therefore, we need not reach the parents' remaining arguments.

*Reversed and remanded.*