# In re A.O., Juvenile

[640 A.2d 537]

No. 92-301

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed January 28, 1994

---

*E.M. Allen*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Appellant Father.

*James A. Hughes*, Franklin County Deputy State's Attorney, St. Albans, for Appellee State of Vermont.

*Charles S. Martin* of *Martin & Paolini*, Barre, for Appellee Juvenile.

**Gibson, J.** A.O.'s father, J.O., appeals from a family court order adjudging A.O. to be a child in need of care and supervision (CHINS) and placing her in the custody of the Department of Social and Rehabilitation Services (SRS). J.O. argues that (1) the evidence before the court was insufficient to establish that the child was CHINS at the time SRS filed its petition, (2) his due process right to notice was violated by the court's finding that A.O. was CHINS on a theory not included in the petition, (3) the court erred in stating that it lacked power to set a fixed limit to the time A.O. would remain in SRS custody, and (4) the

court made inadequate findings in support of its disposition order. We affirm.

## I.

A.O. was born on December 25, 1991. On February 7, 1992, her mother took her to the doctor because the child was spitting up and had a persistent cold. The doctor found that A.O. had lost weight and decided to hospitalize her for a "failure to thrive." The doctor was also concerned about a premature closing of A.O.'s fontanel, or "soft spot" in the skull, but this did not turn out to be a serious problem. On February 10, 1992, the State filed a CHINS petition with an affidavit by a social worker stating the following: A.O. was hospitalized for failure to thrive; A.O.'s mother, S.P., was being evicted from her apartment and had not received food stamps for February; a violent incident between the parents in January had caused minor injury to the child and brought on a seizure in the mother; J.O. was incarcerated as a result of the incident; and S.P. was only vaguely aware of how to care for the infant. The family court issued a detention order transferring custody of A.O. to SRS. Following a merits hearing, the court concluded that A.O. was in need of care and supervision, basing its conclusion on evidence of the violent incident in January 1992 and on the mother's inability to care properly for A.O., which had led to the child's weight loss and hospitalization.

## II.

J.O. contends that the evidence presented at the merits hearing was insufficient to adjudge A.O. a CHINS. See *In re M.B.*, 158 Vt. 63, 70, 605 A.2d 515, 519 (1992) (State must establish that child is CHINS by preponderance of evidence). If the court's findings in a CHINS case are supported by credible evidence, we will leave them undisturbed. *Id.*

J.O. argues that A.O.'s mother took the child to the hospital, followed the doctor's advice, and showed a willingness to accept services and training to improve her ability to care for A.O. Despite these positive indications, however, two nurses and a doctor testified that the mother lacked necessary skills for feeding, clothing and caring for A.O. There was evidence

that physical abuse of the mother by J.O. when he was drinking adversely affected the mother's ability to care for the child. The court found that A.O.'s failure to thrive was serious and nurturing by her mother inadequate. The court's observations that the mother was being responsible and doing all within her power to cooperate and care for the child do not undercut the court's CHINS determination, as J.O. asserts, for the court may take note of contradictory evidence. See *Highgate Assocs. v. Merryfield*, 157 Vt. 313, 315, 597 A.2d 1280, 1281 (1991) ("A finding will not be disturbed merely because it is contradicted by substantial evidence; rather, an appellant must show there is no credible evidence to support the finding."). Credible evidence supported the court's determination that A.O. was a CHINS.

J.O. also argues that evidence of the domestic violence on January 22, 1992 was irrelevant to a determination that A.O. was CHINS as of February 10, the date of the petition. On January 22, S.P. called the police and told them J.O. had choked her and locked himself in the family's apartment with A.O. The police arrived and asked J.O. to open the door. When he refused to do so and threatened to harm the child if they forced the door open, the police told him to stand back and knocked the door down. There was a struggle for the baby and the police finally took her from J.O. When the father objected to the police officer's testimony on grounds of relevance, the court ruled that the testimony would be allowed. At the end of the merits hearing, the court found that "the episode of violence was threatening to the child's life" and that J.O.'s alcohol abuse and physical abuse had a negative impact on both mother and child. The evidence was clearly relevant to whether A.O. was CHINS and was properly admitted by the court.

### III.

J.O. next contends that his due process right to notice was violated because the court found A.O. a CHINS as to him under 33 V.S.A. § 5502(a)(12)(A) (abuse or abandonment), whereas the affidavit accompanying the CHINS petition alleged only that the child was CHINS under § 5502(a)(12)(B) (lack of proper parental care).

The due process rights of the parents in a juvenile proceeding "must be stringently observed." *In re R.M.*, 150 Vt. 59, 70, 549

A.2d 1050, 1057 (1988). Sufficient notice is provided to parents where the affidavits in support of the petition "plainly recite the substance of the allegations." *Id.*

In support of his argument, J.O. cites *In re B.B.*, 155 Vt. 365, 584 A.2d 1126 (1990), in which the State alleged that a twelve-year-old girl was CHINS because she had run away and was therefore "without or beyond the control of [her] parents." 33 V.S.A. § 5502(a)(12)(C). We reversed the juvenile court's determination that the girl was a CHINS under subsection (12)(C) because the evidence did not support the finding that she had run away, and the remaining findings did not support the court's conclusion. *In re B.B.*, 155 Vt. at 369, 584 A.2d at 1128. On appeal, the girl claimed that an alternative ground for upholding the juvenile court was that she had been abused and was therefore CHINS under subsection (12)(A). We held, however, that this ground could not be sustained because it had not been alleged, and we were "unwilling to reconstruct the State's case on a theory not relied upon in the petition and not accepted by the juvenile court." *Id.* at 370, 584 A.2d at 1128–29. We were also concerned with the parents' right to adequate notice of a "new theory." *Id.* at 370, 584 A.2d at 1129.

■ *In re B.B.* is inapposite to the situation here. In this case, it is clear that J.O. was not seeking custody of the child himself at the merits hearing. He could not claim custody because he was in jail at the time. Further, his position, stated on several occasions by his attorney, was that he strongly felt the child should be returned to the custody of the mother. The family court found that that would not be in the child's best interests because the mother was unable to care properly for the child. There was ample evidence to justify the court's determination that A.O. was a child without proper parental care under subsection (12)(B) as to the mother, and there was no evidence that the father was ready, willing, or able to undertake custody of the child himself. Any error in the court's ruling under subsection (12)(A) at the merits hearing was harmless.

## IV.

At the disposition hearing in May 1992, J.O. requested the court to order SRS custody for a definite term of six months,

with protective services and parental custody thereafter unless the order was modified in the meantime. The court responded that it was unsure whether it had the authority to make such an order. J.O. contends that 33 V.S.A. § 5531(a) gives the court this authority, and the failure of the court to act on his request was an abuse of discretion. See *State v. Lertola*, 140 Vt. 623, 624, 442 A.2d 1296, 1297 (1982) (failure to exercise discretion in circumstances that call for it is an abuse of discretion). Section 5531(a) provides that any transfer of custody to SRS will be for an indefinite period of time "[u]nless otherwise specified" in the order. The State argues that any error was harmless because the parents have the right to request a dispositional review every six months. See 33 V.S.A. § 5531(a) (at request of party or on court's own motion, judicial review shall be held every six months for children up to age of three).

We need not examine these arguments because the issue is moot. An eighteen-month disposition hearing was already upon the parties at the time of oral argument before this Court, and any holding regarding the court's original assessment of its powers to fix a six-month term to the transfer of legal custody would be meaningless in the context of this case. See *In re Moriarty*, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (issue moot when reviewing court can no longer grant effective relief).

## V.

■ Finally, J.O. contends that there were inadequate findings to support the court's disposition order giving legal custody of A.O. to SRS. Both merits and disposition orders must be accompanied by findings of fact sufficient to support the court's conclusions, and to provide a record for this Court to review. *In re M.C.P.*, 153 Vt. 275, 291, 571 A.2d 627, 636 (1989). Specifically with regard to disposition orders removing custody from the parents, "there must be convincing proof and findings that the parents are unfit and demonstrably incapable of providing an appropriate home," and that it is in the child's best interest to be separated from the parents. *In re M.B.*, 147 Vt. 41, 45, 509 A.2d 1014, 1017 (1986).

■ Following disposition hearings in March and May of 1992, the court issued a form disposition order granting SRS

legal custody of A.O. There were no written findings accompanying this order. Despite this shortcoming, we conclude that the order in this case is supported by the agreements and understandings of the parties.

At the March hearing, the parties went over the SRS disposition report regarding visitations between the parents and A.O., support and training services for the parents, and a goal of reunification. At the end of that hearing, J.O.'s attorney stated that the parties had agreed to continue A.O. in SRS custody and with the case plan for thirty days. Thereafter, at the May hearing, the court noted continuing strong concerns from the child's guardian ad litem and from SRS "as to whether [S.P.] would be able to develop the skills necessary to care for this child." The State requested the court to accept the SRS disposition report and plan. A.O.'s attorney stated that the report and plan were "satisfactory and in the best interest of the child," and the guardian agreed. The father's attorney expressly referred to the court's findings and stated that "[w]e have no problem with the plan of SRS custody with the transition plan." Later, the attorney further stipulated the father's assent to the SRS plan: "I think that we need to go over some disagreements and challenges as to the factual basis, but I think in general we can go with SRS custody under the plan for the immediate future . . . ."

The court also referred to its earlier findings that were on the record: "I think the concerns that I would have . . . would be whether or not there is a clear understanding as to what the facts were that brought this child into State custody . . . . I put those all on the record at the time of the [merits] hearing. And I don't think I am going to go beyond that." The above stipulations are sufficient for us to conclude there was no error in the failure to issue written findings with the disposition order. Cf. *In re P.F.*, 133 Vt. 64, 66, 329 A.2d 632, 634 (1974) (where parties stipulated to finding of neglect and "conclusion of law is based thereon in conformity with statutory purpose and procedure, the necessity for multiple findings, to bring out the circumstances upon which a finding is based, is obviated").

*Affirmed.*