**In re B.H., Juvenile**

[811 A.2d 213]

No. 02-253

October 23, 2002. The State, the juvenile, B.H., and his custodial guardian appeal the family court's order dismissing the State's petition to terminate father's parental rights with respect to B.H. We reverse and remand.

The relevant facts of the case are not in dispute. Father and B.H.'s mother, who voluntarily relinquished her parental rights and is not a party to this appeal, met in 1995 and married in the summer of 1996. B.H. was born on September 12, 1996. Each parent had significant problems. Father had a chronic drinking problem that resulted in (1) multiple convictions of driving while intoxicated and with a suspended license, (2) a domestic assault charge, and (3) several periods in jail for parole and probation violations. The parents depended heavily on the maternal grandmother for support. They moved into grandmother's home in April 1996 and stayed there off and on over the next couple of years. In the fall of 1998, while father was incarcerated for a parole violation, grandmother filed a petition to be B.H.'s legal guardian. The probate court denied the petition, based partly on the fact that father had been released from jail and was working at the time. B.H. continued to live at grandmother's house, however. In December 1998, father filed for divorce. Initially, the parties agreed to share parental rights and responsibilities, but when B.H. acted out after visits with his father, the family court restricted father to weekly supervised contact with the child. In the September 1999 final divorce order, the family court awarded mother parental rights and responsibilities, and incorporated the prior contact order into the final order, noting that father could move for modification if circumstances changed.

On January 14, 2000, grandmother contacted the police when the parents arrived at her home to take B.H. She was concerned about B.H.'s safety, primarily because his mother, who was the custodial parent, had recently attempted suicide. That same day, the state's attorney filed a petition alleging that B.H. was a child in need of care or supervision (CHINS). The petition focused on mother's inability to care for B.H., but

also indicated that father had not seen B.H. in months and was permitted to have only supervised contact with the child. Following a hearing on January 17, 2000, the family court granted grandmother temporary custody of B.H. On April 4, 2000, the court made a CHINS finding, ordered that B.H. remain with grandmother, required the Department of Social and Rehabilitation Services (SRS) to file a disposition report, and scheduled a disposition hearing. Following the July 31, 2000 disposition hearing, the court adopted SRS's disposition report, noting that, except for father's request for more visitation, the parties agreed with the report. The report called for custody to remain with grandmother, but with a goal of reunification with both parents so long as they successfully participated in the recommended services within the next six months. Under the plan of services, father was to, among other things (1) participate in specified parent-support programs; (2) adhere to his conditions of probation, including that he obtain individual counseling, take domestic abuse classes, and remain sober; and (3) follow through on all recommendations resulting from an evaluation he was required to complete.

On March 30, 2001, SRS filed a petition to terminate the parents' residual parental rights. At the termination hearing, SRS presented evidence that father had failed to engage in any of the recommended services, had failed to remain in consistent contact with B.H., and would be unable to resume parental duties within a reasonable period of time. In its May 21, 2002 order, the family court dismissed the termination petition without considering its merits, concluding that it could not entertain the petition because the underlying disposition order was invalid. The court noted that (1) during the disposition hearing, neither father nor his attorney ever indicated agreement with the factual allegations in the disposition report or its recommenda-

tion of custody to grandmother; (2) even if all of the allegations in the report were assumed to be true, they would not demonstrate that father was unfit; and (3) the judge who entered the disposition order failed to make any finding that father was an unfit parent. The court stated that because the State never proved that father was an unfit parent there was a legally insufficient basis for the disposition order, and thus father had no obligation to undertake the services recommended in the disposition report.

The State, B.H., and grandmother appeal. The State argues that (1) the family court had no authority to set aside the disposition order, which was not appealed by father; (2) even if the court had such authority, father effectively stipulated to his parental unfitness by agreeing at the disposition hearing that custody and guardianship of his son could be transferred to grandmother, and the evidence in the disposition report demonstrated that father was not fit to assume parental duties at that time; and (3) even if the disposition order was invalid, the court abused its discretion by refusing to treat SRS's petition as a request for termination at an initial disposition proceeding. In a separate brief, B.H. argues that several of the court's findings and conclusions were unsupported by the evidence.

In response, father contends that the family court considered SRS's termination petition on its merits and rejected it. We disagree. Although the court indicated briefly in its decision that the State had failed to present convincing proof of father's unfitness either at the CHINS proceeding or the termination hearing, it explicitly stated that it would not entertain the petition because the underlying disposition order was invalid.

The court's reasoning is flawed and requires reversal. Instead of focusing on whether the disposition order was valid or invalid, the court should have accepted the unappealed order for what it was and considered SRS's petition to terminate

father's parental rights in light of that order. Notwithstanding the family court's finding to the contrary, the record shows that father agreed at disposition to the temporary transfer of custody of B.H. to grandmother pending a transition period during which he and his son could be gradually reunited. Father also agreed to engage in the services recommended in the disposition report. At the end of the hearing, the court stressed the necessity of the parents engaging in the recommended services to assure reunification with their child. Under these circumstances, the disposition court was not obligated to make findings to support its order. Cf. *In re A.O.*, 161 Vt. 302, 308, 640 A.2d 537, 540 (1994) (family court did not err in failing to issue written findings to support disposition order transferring custody of child to SRS, where father made statements at disposition hearing demonstrating his understanding and agreement that custody would be transferred to SRS pursuant to goal of rehabilitation).

Father's complaints that the CHINS petition was not directed at him, and that the disposition court made no finding of unfitness with respect to him, are unavailing. Neither fact prevented the family court from considering SRS's termination petition. Father may not have stipulated to his unfitness as a parent, but, at the disposition hearing, he conceded it would not be in B.H.'s best interests for him to assume custody of the child, and, therefore, he agreed to custody being temporarily transferred to grandmother until he was in a position to assume his parental duties. Given this scenario, rather than invalidating the unappealed disposition order and dismissing SRS's petition, the family court should have considered whether SRS had demonstrated, by clear and convincing evidence, that father was unfit, that circumstances had changed sufficiently for SRS to abandon its goal of reunification, and that B.H.'s best interests under the

statutory criteria required termination of father's parental rights. Cf. *In re J.T.*, 166 Vt. 173, 177-78, 693 A.2d 283, 285-86 (1997) (parental rights may be terminated either at initial disposition or upon showing of changed circumstances following prior disposition order in which parents were found to be unfit; although parties and court agreed that there had been no disposition hearing, court's extensive findings detailing parents' inability to care for their children were adequate to support its conclusion that best interests of children required termination of parental rights).

The court also erred in concluding that it could not consider father's efforts, or lack thereof, toward reunification from the time of the disposition order. Irrespective of whether there was a finding of unfitness at disposition, father agreed to engage in services aimed at reuniting him with his son. Cf. *id.* at 179, 693 A.2d at 286-87 (notwithstanding absence of disposition hearing, court properly considered parents' participation in programs outlined in reunification plan). Therefore, evidence of his participation in services, or failure to do so, was relevant in the termination hearing.

The question is how to proceed at this point. SRS contends that the evidence presented at the termination hearing demonstrated as a matter of law both father's unfitness and the need to terminate his parental rights. On the other side, father argues that the evidence was insufficient as a matter of law to demonstrate his unfitness and the need to terminate his parental rights. We cannot accept either position. As noted, although the family court briefly indicated without explanation that the State had failed to prove father's unfitness either in the CHINS or termination proceedings, the court plainly declined to consider the merits of the termination petition because of its belief that the underlying disposition order was invalid. The evidence in this case is not so conclusive on

either side to persuade us to usurp the family court's role to consider in the first instance the parties' evidence with respect to SRS's termination petition. Because of the passage of time, the matter must be remanded for a new termination hearing.

*Reversed and remanded.*