Filed 10/16/25

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-00175

---

**James Jerome, Jr. v. Kerry Raheb, et al**

---

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion to Vacate Judgment Pursuant to (V.R.C.P.) 60(b)(3)(6) (Motion: 41) |
| Filer: | Kerry Patrick Raheb; Renee Houston |
| Filed Date: | August 11, 2025 |

Defendants, Kerry Patrick Raheb and Renee Houston, file this motion pro se, seeking to vacate a judgment entered against them. Mr. Raheb and Ms. Houston claim this case was filed fraudulently and should be vacated under Vermont Rule of Civil Procedure 60(b)(3).

### Background

This matter arose from a disagreement between neighbors over the existence and use of an easement on the driveway which served Mr. Raheb and Ms. Houston's former residence on Bluestone Road in Bennington, Vermont. Plaintiff, James Jerome, filed a complaint in January of 2022, claiming actions taken by Mr. Raheb and Ms. Houston to block Mr. Jerome's access, and the access of his invitees, to the driveway running between Mouth Anthony Road and Bluestone Road constituted nuisance, interference with prospective business relationships, and intentional infliction of emotional distress.

Mr. Raheb and Ms. Houston filed multiple motions to dismiss the case, motions to recuse two different judges, opposing counsel, and a mediator, engaged in a lengthy back and forth over mediation, and refused to participate in the discovery process. Due to this refusal, and a subsequent order for sanctions issued on May 10, 2024, Mr. Jerome filed a motion for default judgment under V.R.C.P. 54, or alternatively summary judgment on the issue of liability under V.R.C.P. 56.

On September 10, 2024, this court granted partial summary judgment, holding Mr. Raheb and Ms. Houston's liable on all three counts, based on the record of undisputed facts in the case.[1] The court held a hearing for damages on July 7, 2025. Mr. Jerome, represented by counsel, appeared and testified. Neither Mr. Raheb nor Ms. Houston attended the hearing. The court

---

[1] The court set out the factual circumstances in this case in its May 10, 2024 *Entry Order on Plaintiff's Motion for Sanctions*. The *Undisputed Facts* filed by Mr. Jerome on July 25, 2024 was based on those facts, and Mr. Jerome's personal knowledge of the same facts set out in a supporting affidavit. The court admitted those facts by reference in its *Findings and Order* on July 9, 2025.

entered an order for damages based on Mr. Jerome's credible testimony and evidence presented as to the extent of damages.

On August 11, 2025, Mr. Raheb and Ms. Houston filed a motion to vacate the judgment based on fraud under V.C.R.P. 60(b)(3) supported with an affidavit and various exhibits. On August 22, 2025, Mr. Raheb and Ms. Houston filed a reply to Mr. Jerome's *Opposition Memorandum*, and included further exhibits in support of their motion.

### Defendants' Arguments

To begin, at present, Mr. Raheb and Ms. Houston appear pro se. The court will be cautious that a pro se party is not "taken advantage of by strict application of rules of procedure." *Town of Washington v. Emmons*, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.). However, a pro se party may not use their status as a shield to the application of the rules that govern a party's appearance before the court. See *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219. "[T]he [pro se] party so appearing shall be subject to the same rules that are or may be provided for attorneys in like cases, so far as the same are applicable." V.R.C.P. 79.1(a).

The arguments raised by the *Motion to Vacate* may be broken into a few categories. 1. Accusations related to a case in another state. 2. Accusations related to court cases in other dockets that have been resolved. 3. A claim that Mr. Raheb and Ms. Houston were denied a hearing, mediation, and a jury to hear their case. 4. A generalized claim that the case in this docket was filed fraudulently.

Accusations relating to cases that are not before this court in this docket are not relevant to the judgment Mr. Raheb and Ms. Houston seek to vacate. This is particularly true of actions in out-of-state courts. This court cannot consider these accusations in connection with this motion.

The accusations regarding the other court proceedings in Vermont involving the parties do not appear to be defenses to Mr. Jerome's complaint here. The court will consider the strength of a proffered defense to the judgement raised in a motion to vacate in its determination. See *LaFrance Architect v. Point Five Dev. South Burlington, LLC*, 2013 VT 115, ¶ 16, 195 Vt. 543.

First, the accusations are not strongly supported by the evidence provided: one affidavit by a self-interested party, and various photos. Second, the motion does not convincingly connect the accusations and evidence with the claims that formed the basis of the complaint and subsequent judgment. If the actions raised in this motion arose from the same occurrences which caused Mr. Jerome to file his complaint, Mr. Raheb and Ms. Houston were required to bring them as compulsory counterclaims when they filed their answer. V.R.C.P. 13(a).

> A pleading in an action in a superior court shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its

adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

V.R.C.P. 13(a). If the actions raised in the motion took place after defendants filed their answer but were connected to the occurrences of the original complaint, V.R.C.P. 13(e) would require defendants to bring those claims by supplemental pleading. To the extent the current accusations are compulsory counterclaims, Mr. Raheb and Ms. Houston waived them and they do not support vacating the judgment.

Similar accusations have been raised in the case at various times, but by inference rather than by proper pleading, and the current *Motion to Vacate* and *Reply* directly connect the accusations to these other dockets. If Mr. Raheb and Ms. Houston could not bring the claims because they were being litigated in other dockets, as appears to be the case, then Mr. Raheb and Ms. Houston were required to bring the claims under those separate dockets or waive the right to bring those claims at all. V.R.C.P. 13(a); V.R.C.P. 13(a)(1). Entertaining the accusations here would relitigate the other dockets mentioned. A motion to vacate may not be used to "afford parties simply a second, better opportunity to litigate issues already contested and decided in a previous proceeding." *Pirdair v. Med. Ctr. Hosp. of Vt.*, 173 Vt. 411, 415 (2002).

Lastly, the court will address the claim that Mr. Raheb and Ms. Houston were denied a hearing, mediation, and a jury to hear their case, and the claim that the case was filed fraudulently. The exhibits which support claims of fraud are *Exhibit 1*, a copy of the judgment; *Exhibit 10*, an aerial view of Mr. Jerome's property on Bluestone Road; *Reply Exhibit 7*, a memorandum from Mr. Raheb and Ms. Houston's former attorneys about the feasibility of pursuing litigation in this docket; *Reply Exhibit 8*, an aerial view of Mr. Jerome's property on West Road.

**Analysis**

Rule 60 governs when and how a court may grant a party relief from a judgement or order. *Godin v. Godin*, 168 Vt. 514, 517, 725 A.2d 904, 907 (1998). Rule 60(b) specifies five grounds for relief, including "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," and a final catch all provision, under which a party may bring a claim of fraud on the court. V.R.C.P. 60(b)(3), (6). "We must be concerned about the certainty and finality of judgments so that litigation can reach an end." *Richwagen v. Richwagen*, 153 Vt. 1, 4, 568 A.2d 419, 421 (1989). Therefore, relief from a previous judgment will only be granted in extraordinary circumstances. *Adamson v. Dodge*, 174 Vt. 311, 327, 816 A.2d 455, 468 (2002).

Though Mr. Raheb and Ms. Houston did not specifically raise a claim of fraud on the court under Rule 60(b)(6), the court will consider it here, to give the pro se party the benefit of their full motion. It appears the claim was intended, though the *Motion to Vacate* did not address that rule.

To succeed on a motion to vacate judgement which alleges a party committed fraud on the court under Rule 60(b)(6), the moving party must prove another party committed egregious misconduct designed to mislead the court itself, such as by filing false evidence. *Olio v. Olio*,

2012 VT 44, ¶ 19, 192 Vt. 41.  The Vermont Supreme Court has held "fraud on the court necessarily involves a deliberate effort to subvert the judicial process." *In re G.L.*, 2024 VT 60, ¶ 44.  The Court has highlighted the intentionality, calculation, and knowing design of the adverse party acting in fraud to procure the judgement.  *Id.*

To succeed on a motion to vacate judgement alleging a party committed fraud generally, the moving party must prove the adverse party's actions met the elements of fraud.  Under Rule 60(b)(3) it is essential that any misrepresentation be made by an adverse party.  V.R.C.P. 60(b)(3).

Whether alleging general fraud or fraud on the court, the moving party must address the judgment they seek to vacate, framing their discussion as to how the alleged conduct brought about the judgment.  In addressing deficiencies with the judgement brought about by the fraudulent conduct of others, "the burden is on the party seeking relief under Rule 60(b) to plead facts with sufficient particularity to warrant a hearing and potential relief.' *Spencer v. Spencer*, 2014 VT 63, ¶ 13, 197 Vt. 1 (internal quotation marks omitted).  General or abstract statements of law or fact without specific application are an inadequate basis for a court's decision.  *Bigelow v. Denis*, 119 Vt. 21, 25, 117 A.2d 261, 263 (1955).  The evidence supporting a claim of fraud must be clear and convincing.  *Godin v. Godin*, 168 Vt. 514, 519, 725 A.2d 904, 908 (1998).

To vacate the judgment Mr. Raheb and Ms. Houston must prove by clear and convincing evidence that Mr. Jerome perpetrated some fraud in this matter.  Mr. Raheb and Ms. Houston have claimed they were denied a hearing, mediation, and a jury to hear their case, and, or alternatively, the complaint which created this docket was filed fraudulently.  The court will address each claim in turn, assessing whether it meets the standards of V.R.C.P. 60(b)(3) or (6). Mr. Raheb and Ms. Houston did not present evidence to support the claim that they had been denied a hearing, mediation, or a jury trial.  The court will rely on the evidence contained within the record.  Due process requires a party have notice of events in their case, and a meaningful opportunity to object to those events.  *Hill v. Springfield Hospital*, 2023 VT 23, ¶ 19, 218 Vt. 64. The evidence in the record shows a hearing was scheduled to determine the damages which led to the judgment Mr. Raheb and Ms. Houston seek to vacate. *Notice Hr'g* (May 14, 2025).  Mr. Raheb and Ms. Houston do not contest that they received notice of the hearing.  *Id.; Def's Reply* at 2.  Mr. Raheb and Ms. Houston did not appear at this hearing, and did not request a continuance.  *Findings and Order* at 1 (July 9, 2025).  Mr. Raheb and Ms. Houston have previously filed requests for continuance.  See, e.g., *Mot. Continuance* (filed Jan. 23, 2025).  Mr. Raheb and Ms. Houston were aware of when to appear, know how to request a different date for a hearing, and did not to do so for this hearing.

Mr. Raheb and Ms. Houston stated their nonappearance was due to a death in the family. *Def's Reply* at 2.  However, they did not timely seek a continuance or provide clear and convincing evidence to the court that they were unavailable the day of the hearing.  The court cannot consider unsupported statements in a motion, or response, to be clear and convincing evidence.  *Bigelow v. Denis*, 119 Vt. 21, 25, 117 A.2d 261, 263 (1955).  Based on the evidence before the court, Mr. Raheb and Ms. Houston were granted an opportunity for a hearing on this judgment, and did not avail themselves of it.

Similarly, the evidence in the record shows that Mr. Raheb and Ms. Houston prevented mediation from taking place by refusing to participate in the discovery process. Initially Mr. Raheb and Ms. Houston objected to a mediator put forward by Mr. Jerome. *Mot. Recuse Mediator* (filed July 8, 2025). They put forward the name of a different mediator, but Mr. Jerome objected to this mediator. *Id.*; *Pl.'s Mem. Regarding Def.'s Objection* at 1–2 (filed July 13, 2022). Eventually, both parties agreed to mediation with a third mediator. *Letter Advising Stip. Mediator* (filed Aug. 26, 2022). Mr. Raheb and Ms. Houston then refused to participate in discovery, preventing meditation from taking place, and leading to the motion for summary judgment. V.R.C.P. 37, 56; *Pl.'s Mot. Sanctions* (filed Mar. 19, 2024); *Pl.'s Mot. Default J. or Alternative Partial Summ. J.* (filed July 25, 2025). No clear and convincing evidence has been presented that anyone other than Mr. Raheb and Ms. Houston chose to obstruct the process of the civil proceeding to such an extent that the parties could never reach the mediators.

Finally, both parties requested a jury trial. The court granted the request and told the parties that a jury trial would be scheduled after the parties engaged in discovery. *Entry Order* at 2 (Apr. 27, 2022). This is the normal timeline for a civil complaint and conforms with the Vermont Rules of Civil Procedure. V.R.C.P. 26–37. The evidence present before this court shows Mr. Raheb and Ms. Houston did not participate in discovery. See *Entry Regarding Mot.* at 2 (Sept. 10, 2024). By not participating in discovery, the moving parties denied themselves the full benefits of defending their civil case. "Rule 60(b) does not protect a party from tactical decisions which in retrospect may seem ill advised." *Rule v. Tobin*, 168 Vt. 166, 174, 719 A.2d 869, 874 (1998) (internal quotation marks omitted). A jury trial was not scheduled in this matter because Mr. Jerome was granted summary judgment. Mr. Raheb and Ms. Houston have not presented clear and convincing evidence that Mr. Jerome perpetrated fraud which denied Mr. Raheb and Ms. Houston a fair hearing, mediation and jury trial.

As to the claim that this docket was filed fraudulently, Mr. Raheb and Ms. Houston present a speculative memo from former counsel and the aerial view of the Mount Anthony Road property. *Reply Ex. 7, Ex. 10*. These exhibits were presented to support a claim that Mr. Jerome did not possess an easement over the driveway on Ms. Houston's property. However, none of the currently presented exhibits are more clear and convincing than Ms. Houston's own deed, which refers to an easement on the driveway, subservient to Mr. Jerome's Mount Anthony Road property. *Findings and Order* at 1 (July 9, 2025); *Pl.'s Mot. Default J. or Alternative Partial Summ. J. Ex. 11* at 2.

Mr. Raheb and Ms. Houston also appear to argue that because Mr. Jerome has headquartered his rental business at a different property than the Mount Anthony property, *Reply Ex. 8*, the claim that Mr. Raheb and Ms. Houston's actions interfered with Mr. Jerome's business was filed fraudulently. The location of the headquarters of a business is not synonymous with all locations where business activities take place. See *Vt. Institute of Cmty. Involvement, Inc. v. Dep't. Emp. Sec.*, 140 Vt. 94, 99, 436 A.2d 765, 767 (1981) ("An employer's place of business includes not only the location of its offices, but also the entire area in which it conducts the business"). The evidence presented does not contradict the basis of the findings that business did take place at the Mount Anthony property, business was taking place on the day in question, and Mr. Raheb and Ms. Houston's actions disrupted that business. *Findings and Order* at 2–3 (July 9, 2025).

The court does not find Mr. Raheb and Ms. Houston have presented clear and convincing evidence of fraud under either V.R.C.P. 60(3) or V.R.C.P. 60(6).

The *Motion to Vacate* is denied.

**Signed electronically October 15, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**